UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES, | ) Case No. CV 11-4915 VBF (MRW) |
| Petitioner, | ) |
| vs. | ) [PROPOSED] ORDER DISMISSING |
| | ) ACTION |
| INMATE APPEALS BRANCH, | ) |
| Respondent. | ) |

The Court dismisses Petitioner's defective habeas action for: (a) failure to exhaust state court remedies; and (b) failure to prosecute or obey a court order.

According to the Petition, Petitioner Reyes is a state prisoner who seeks relief from an adverse prison disciplinary action regarding possession of a weapon. (Docket # 1 at 2.) A prisoner must exhaust all claims as a prerequisite to federal court consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner describes in the state court proceedings both the operative facts and federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364,

370 (1995).  Petitioner bears the burden of demonstrating this prerequisite has been met.  Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

In this case, Petitioner's federal habeas petition does not indicate that he ever presented his constitutional claims to any state court, nor does he provide any documentation showing any such filing.  (Docket # 1 at 3-5.)  The only documents he submitted apparently relate to administrative appeals within the prison system, not to the state courts.  There is no basis for the Court to conclude that the disciplinary matter was ever presented to the state courts.  Petitioner has not met his burden of showing that he exhausted his state court rights before he commenced this federal habeas action as required by statute.

The Court specifically informed Petitioner about this defect in his petition.  In June 2011, the Court issued an order to Petitioner that his case was subject to dismissal based on his failure to exhaust state remedies as required by statute.  (Docket # 3.)  The Court ordered Petitioner to file an amended petition by July 15, 2011.  If he did not do this, the Court warned Petitioner that the action could be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  To date, Petitioner has not filed anything in response to the Court's order.

\* \* \*

In addition to the defects with the petition noted above, Petitioner appears to have filed his action in the wrong federal district court.  Petitioner is incarcerated in the Northern District of California, which ordinarily would have jurisdiction over a prison discipline habeas action arising in that district.  Russo v. Newland, 2000 WL 194812, *1 (N.D. Cal. Feb. 15, 2000).  However, given that Petitioner's petition remains unexhausted and he failed to respond to a Court order issued nearly two months ago, the Court does not believe it is in the interests of justice or judicial efficiency to transfer this case to the Northern District of California.

Rather, the Court orders that the case be DISMISSED without prejudice for the reasons stated above.

    IT IS SO ORDERED.

DATED: August 8, 2011

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE